Opinion of the Court.
ON the 3d of August, 1818, Hobbs sold to Patterson a tract of land, and executed an obligation to Patterson with the following condition :
“ The condition of the above obligation is such, that if the above bound Nicholas Hobbs, shall well and truly convey to the aforesaid William Patterson, a certain tract or parcel of land, lying in Hardin county, in the barrens, on the road leading from Elizabeth, town to the mouth of Salt river, and being the place said Hobbs lives on, and which he purchased of Charles Helm and Thomas Lewis, the said Hobbs conveys all his right, warrants from himself and his heirs, and gives all right which can be derived from Helm and Lewis ; but is not to be accountable in any case whatever, of the land being lost by other claims, the said Patterson taking the said chances of Helm and Lewis’ claim. The conveyance to be made on or before the first of November, 1818; then this obligation to be void, else to remain in full force and virtue,” &c.
Patterson, at the same time, executed to Hobbs, obligations for the payment of the purchase money, at the times agreed on by the parties. Payment not being made of the obligation which became first payable, Hobbs brought suit at law, and judgment was confessed by Patterson.
Patterson then exhibited his bill in equity, for the purpose of either compelling a conveyance of the land purchased, or to obtain a cancelment of the contract.
The bill alleges fraud in Hobbs’ representing, when contracting for the sale of the land, the title of Helm and Lewis to be good, and the land undisputed. It charges Hobbs with having shown to Patterson, the boundaries of the land sold; and alleges, that the boundaries so shown, include a valuable spring and grove of timber, which are not contained in the boundary of the land which Hobbs purchased from Helm and Lewis. The bill also states, that the spring and grove formed with Patterson a principal inducement to purchase the land; and, that either through the mis *276 take of the person who drew the obligation for a title, or the fraud and artifice of Hobbs, the condition of the obligation is not worded according to the contract made for the purchase of the land. The bill, moreover, asks for an injunction against the judgment at law, and to restrain Hobbs from proceeding to collect the other obligation on which no suit was brought, and concludes with the appropriate prayer for relief, &c.
Hobbs answered, admitting the sale of the land, and the recovery of the judgment at law; but denies every charge of fraud made against him in the bill. He alleges that he sold, and was to convey, barely what interest he acquired under his purchase from Helm and Lewis, and that the condition of the bond given by him for a conveyance, is fully expressive of the true contract. He admits a willingness to comply with that obligation, and exhibits a deed regularly executed and acknowledged, and insists, that Patterson should be compelled to receive it, &c.
The court, on a final hearing, decreed a dismission of the bill, dissolved the injunction, and ordered Patterson to pay $86 55 damages and costs.
To reverse that decree, this writ of error has been prosecuted.
That the bill was properly dismissed, there can be no serious doubt. So far as a specific execution of the contract was an object in the bill, that object is fully accomplished by the deed which is signed and acknowledged by Hobbs, and exhibited in the record; for the evidence is perfectly clear, that the land comprehended in that deed, is the same contained in the deed from Helm and Lewis to Hobbs, and it is for the conveyance of that land the obligation was given to Patterson by Hobbs.
And, with respect to the alleged fraud, the evidence is totally insufficient to establish it. The only evidence, conducing in the slightest degree to prove fraud, consists in the deposition of one witness, who states that when in treaty about the contract, Hobbs represented to Patterson, that a valuable spring and grove of timber, were contained in the boundary of the land which he proposed to sell; and from other evidence, that spring and grove, are proved not to be contained in the land described in the condition of the bond, giv *277 en by Hobbs for a title. But it should not be forgotten, that the evidence of that witness, is not altogether free from any imputation of bias, and it stands opposed by the positive denial of Hobbs, in his answer; and it is well settled, that no decree can be rendered, in opposition to the answer of a defendant, on the evidence of a single witness only.
But as to the damages decreed against Patterson, the decree must be reversed. Those damages appear to be equivalent to what should have been decreed, had judgment been rendered for the whole of the purchase money unpaid, and the injunction granted to that judgment; but there appears to have been no injunction to any judgment at law, for more than $195 53, with interest and costs, and on dissolving the injunction, damages should have been given on that amount only.
The decree must, therefore, be reversed with costs, for cause remanded to the court below, and a decree there entered not inconsistent with this opinion.